**Stephen H. Buckley**, OSB #801786
sbuckley@brownsteinrask.com
**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN | RASK
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 412-6725
Fax: (503) 221-1074
    Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS JOINT APPRENTICESHIP AND JOURNEYMAN TRAINING FUND, TRUSTEES OF THE WESTERN GLAZIERS RETIREMENT FUND, and TRUSTEES OF THE GLAZING INDUSTRY PROMOTION FUND, <br><br>    Plaintiffs, <br><br>  v. <br><br>HIGHLAND GLASS LLC, <br><br>    Defendant. | Civil No. _____ <br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

    Plaintiffs allege:

///   ///

///   ///

///   ///

Page 1 – **COMPLAINT**

# I

## THE PARTIES

1. Plaintiffs are the Trustees of the Glaziers, Architectural Metal and Glass Workers Joint Apprenticeship and Journeyman Training Fund (Training Fund), Trustees of the Western Glaziers Retirement Fund (Pension Fund), and Trustees of the Glazing Industry Promotion Fund (Promotion Fund) (collectively, "Trust Funds").

2. The Training Fund and Pension Fund are "employee welfare benefit plans" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Training Fund and Pension Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Training Fund and Pension Fund have discretionary authority and control over the management of the said funds, and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3. The Promotion Fund is a trust fund created pursuant to a trust agreement. The Promotion Fund is governed by a board of trustees.

4. Defendant is a Washington limited liability company. At all times material to this proceeding (November 2015 through April 2017), Defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

/// ///

II

**JURISDICTION**

5.     The Court has jurisdiction over both Claims for Relief to the extent brought by the Trustees of the Pension Fund and Training Fund against Defendant for violation of the provisions of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. § 1132(e)(1) of ERISA.

6.     At all times material to this proceeding (November 2015 through April 2017), Defendant has been bound by a collective bargaining agreement with Glaziers, Architectural Metal and Glass Workers Local 740 (Union).  The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of Defendant affect commerce.  The Court has jurisdiction over both Claims for Relief brought by each Plaintiff against Defendant pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

III

**JOINDER**

7.     The obligations of Defendant to Plaintiffs arise out of the same collective bargaining agreement.  Common questions of law and fact govern the claims each Plaintiff has against Defendant.

IV

**FACTUAL BACKGROUND**

8.     At all times material herein (November 2015 through April 2017), Defendant was bound by a written collective bargaining agreement with the Union.  Under the terms of the collective bargaining agreement, Defendant agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds.  Defendant further agreed to pay fringe

Page 3 – **COMPLAINT**

benefit contributions on behalf of its employees performing work covered by the collective bargaining agreement.  Defendant further agreed to file monthly remittance report forms and to pay the contributions to Plaintiffs by the 20th day of the month following the month in which the work was performed.

9.	The Trust Agreements that created the Trust Funds provide that, in the event a signatory employer fails to timely pay its contributions, interest shall be assessed on the delinquent or late-paid contributions at the rate of 12% per annum from the due date, until paid.

10.	The Trust Agreements that created the Trust Funds provide that, in the event a signatory employer fails to timely pay its contributions, liquidated damages shall be assessed in amount equal to 10% of the delinquent or late-paid contributions, or $20.00, whichever amount is greater.

11.	The Trust Agreements that created the Trust Funds provide that they are entitled to recover a reasonable attorneys' fee from an employer such as Defendant when litigation is necessary to require an employer to comply with its obligations under the Trust Agreements.

V

**FIRST CLAIM FOR RELIEF**

12.	Defendant has failed to pay its fringe benefit contributions to the Promotion Fund for the months of November 2015 through June 2016, and the time for so doing has passed.  As a result, Defendant owes the following amounts to the Promotion Fund: $2,477.30 in fringe benefit contributions; $247.73 in liquidated damages; and $309.40 in interest calculated through April 30, 2017, with interest continuing to accrue on the amount of the unpaid fringe benefit contributions ($2,477.30) at the rate of 12% per annum from May 1, 2017, through entry of judgment.

13.     The Trustees of the Promotion Fund are entitled to recover a reasonable attorneys' fee from Defendant pursuant to the terms of the Trust Agreement that created the Promotion Fund.

## VI

## SECOND CLAIM FOR RELIEF

14.     The Trustees of the Trust Funds hereby reallege and incorporate by reference paragraphs 1 through 13 of their complaint as though fully set forth herein.

15.     Defendant failed to timely pay its fringe benefit contributions to the Pension Fund and Training Fund for the months of November 2015 through June 2016, and failed to timely pay its fringe benefit contributions to all the Trust Funds for the months of July 2016 through November 2016, and February 2017 through April 2017. As a result thereof, Defendant owes $1,414.54 in interest and $22,147.55 in liquidated damages to the Trustees of the Trust Funds.

16.     The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from Defendant pursuant to the terms of the Trust Agreements that created them

17.     The Trustees of the Pension Fund and Training Fund are also entitled to recover a reasonable attorneys' fee from Defendant pursuant to the provisions of 29 U.S.C. §1132(g)(1) of ERISA.

WHEREFORE, Plaintiffs pray for a decree and judgment against Defendant as follows:

1.     On the **First Claim for Relief**, requiring Defendant to pay the following amounts to the Promotion Fund: $2,477.30 in fringe benefit contributions; $247.73 in liquidated damages; and $309.40 in interest calculated through April 30, 2017, with interest continuing to accrue on the amount of the unpaid fringe benefit contributions ($2,477.30) at the rate of 12% per annum from May 1, 2017, through entry of judgment;

2. On the **Second Claim for Relief**, requiring Defendant to pay $1,414.54 in interest and $22,147.55 in liquidated damages to the Trustees of the Trust Funds;

3. Providing that Plaintiffs shall retain the right to conduct a future payroll examination of Defendant's books and records in order to ensure that all required fringe benefit contributions have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions are owed, providing that Plaintiffs shall have the right to institute legal proceedings against Defendant to recover the delinquent fringe benefit contributions found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorneys' fees and court costs;

4. Requiring Defendant to pay Plaintiffs' reasonable attorneys' fees and costs incurred herein; and

5. For such further equitable relief as the Court deems just and proper.

DATED this 13th day of September 2017.

**BROWNSTEIN | RASK, LLP**

/s/ Cary R. Cadonau
Cary R. Cadonau, OSB #002245
Of Attorneys for Plaintiffs