IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS JOINT APPRENTICESHIP AND JOURNEYMAN TRAINING FUND, et al., | 3:17-cv-01446 -YY |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| HIGHLAND GLASS LLC, | |
| Defendant. | |

**MOSMAN, J.,**

This matter comes before me on Plaintiff Trustees of the Glaziers's motion for default judgment [10]. For the reasons given below, I GRANT that motion.

## BACKGROUND

On September 13, 2017, Trustees of the Glaziers, Architectural Metal and Glass Workers Joint Apprenticeship And Journeyman Training Fund ("Training Fund"), Trustees of the Western Glaziers Retirement Fund ("Retirement Fund"), Trustees of the Glazing Industry Promotion Fund ("Promotion Fund") (collectively "Trustees of the Glaziers") filed a complaint against Defendant Highland Glass LLC, alleging breach of collective bargaining agreement and ERISA violations pursuant to 29 U.S.C. § 1132(a)(3), § 1132(e)(1), and § 1145. [1]. Highland Glass

1 – OPINION AND ORDER

never responded to Trustees of the Glaziers's complaint. As a result, Trustees of the Glaziers moved for default judgment pursuant to 55(b) of the Federal Rules of Civil Procedure. [10].

Trustees of the Glaziers's allegations stem from Highland Glass's failure (1) to pay its fringe benefit contributions to Promotion Fund from November 2015 through June 2016; and (2) to timely pay its fringe benefit contributions to Retirement Fund and Training Fund from November 2015 through June 2016 and to all parties from July 2016 through November 2016 and from February 2017 through April 2017. [1] at 4–5.

Trustees of the Glaziers now seek the following in damages: for Highland Glass's failure to pay Promotion Fund, $2,477.30 in unpaid contributions, $508.93 in interest from the unpaid contributions, and $247.73 in liquidated damages; for Highland Glass's failure to timely pay all parties, $1,414.54 in interest and $22,147.55 in liquidated damages. Additionally, Trustees of the Glaziers seek $2,025.00 in attorney fees and $715.21 in costs. [10] at 1–2. As evidence of these amounts, Trustees of the Glaziers submitted declarations from Cary Cadanou [11], James Watts [12], Todd Springer [13], and Ryan Stephens [14].

## DISCUSSION

Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys, Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp*, 559 F.2d 557, 560 (9th Cir. 1977)). As for damages, under Rule 55(b)(1), the district court clerk is authorized to enter a default judgment if the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation against a defendant who has been defaulted for not appearing." A sum is certain when "no doubt remains as to the amount to which a plaintiff is entitled as a result of the

defendant's default." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 928 (9th Cir. 2004).

Here, aside from the attorney fees, each claim is for a sum certain. The parties agreed that Highland Glass would (1) pay fringe benefit contributions on behalf of its employees in the form of $0.20 per hour worked, [13], (2) pay liquidated damages on unpaid or late contributions in the amount equal to 10% of the owed contribution, [1], and (3) pay interest on unpaid or late contribution payments at the rate of 12% per annum from the due date until received, [1]. The amount Trustees of the Glaziers seeks in damages reflects the terms of that agreement. Thus, there is no doubt as to the amount to which Trustees of the Glaziers are entitled as a result of Highlands Glass's default. Accordingly, the contributions, liquidated damages, and interest are "for a sum certain or a sum that can be made certain by computation" and default judgment can be entered.

As to the attorney fees, under the collective bargaining agreement, Trustees of the Glaziers are entitled to recover "reasonable attorney fees" in the event of litigation. [1] at 5. Reasonable attorney fees are not a sum certain calculation. *Branded Online Inc. v. Holden LLC*, No. SA CV 15-0390-DOC, 2016 WL 8849024, at *1 (C.D. Cal. Jan. 8, 2016); *see also Combs v. Coal & Mineral Mgmt. Serv., Inc.*, 105 F.R.D 472, 475 (D.D.C. 1984). Where a contract or statute calls for "reasonable attorney fees," the court must determine what is reasonable. *Combs*, 105 F.R.D at 475.

Courts determine if attorney fees are reasonable in two steps. First, I multiply the number of hours reasonably expended by a reasonable hourly rate. Here, the attorneys spent 9 hours on this case and charged $225.00 per hour for a total of $2,025.00. [11-A]. Second, I determine if the total amount should be adjusted to accurately reflect a reasonable fee. *Monster Energy Co. v.*

3 – OPINION AND ORDER

*Sainte Claire*, No. ED CV 17–1111 PA, 2017 WL 8220421, at *3 (C.D. Cal. Oct. 13, 2017). Here, I do not need to do so because the amount calculated reflects a reasonable fee. The two attorneys involved in this case have spent their lengthy careers—over 50 years collectively—practicing in this field. [11]. Considering the extensive experience the attorneys have, I find that $225.00 per hour is a reasonable rate. I also find that 9 hours is a short amount of time to complete matters related to this lawsuit. Finally, I find that the following costs are reasonable, necessary expenses: a $400.00 filing fee, a $295.21 service cost, and a $20.00 prevailing party fee for a total of $715.21. [11]. Accordingly, I find the attorney fees and costs reasonable.

## CONCLUSION

For the reasons given above, I GRANT default judgment and award the following in damages: to Promotion fund $2,477.30 in unpaid contributions, $508.93 in interest from the unpaid contributions with interest continuing to accrue on the amount of the unpaid fringe benefit contributions at the rate of 12% per annum from January 1, 2018, through entry of judgment, and $247.73 in liquidated damages; to all Plaintiffs $1,414.54 in interest and $22,147.55 in liquidated damages; and $2,025.00 in attorney fees and $715.21 in costs.

IT IS SO ORDERED.

DATED this 6th day of April, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge